UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**BILLY CANNON**,

               Plaintiff,

v.                                **Case No. 16-cv-10-pp**

**DEAN NEWPORT, et al.,**

               Defendants.

---

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO VACATE IN ORDER TO ALLOW PLAINTIFF TO AMEND HIS COMPLAINT (DKT. NO. 6), VACATING THE COURT'S JANUARY 20, 2016 JUDGMENT (DKT. NO. 5), AND SCREENING THE PLAINTIF'S PROPOSED AMENDED COMPLAINT (DKT. NO. 6-1)**

---

On January 19, 2016, the court entered a lengthy order dismissing the plaintiff's complaint because the plaintiff failed to state a claim. Dkt. No. 4. On February 18, 2016, the plaintiff filed a motion under Fed. R. Civ. Pro. 59(e) or 60(b)(6), asking the court to vacate the judgment. Dkt. No. 6. The plaintiff also attached to his motion a proposed amended complaint. Id. The plaintiff explained, "The attached proposed amended complaint will set forth more specific facts along with attached document evidence that will prove that the defendants intentionally with the malicious intent to violate the plaintiff's First, Fourth, and Fourteenth Amendment Rights." Id.

Rule 59(e) motions serve a very limited purpose in civil litigation. A court may alter or amend a judgment pursuant to Rule 59(e) when there is newly discovered evidence or where there has been a manifest error of law or fact.

1

Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (citing Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). Rule 59(e) requires that the movant "clearly establish" one of the aforementioned grounds for relief. Id. (citing Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)). A court also may vacate a judgment under Rule 60(b) for several reasons, including mistake and excusable neglect. See Fed. R. Civ. P. 60(b). However, "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Id. (quoting Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005)).

The plaintiff's motion does not, on its own, satisfy the requirements of Rule 59(e) or Rule 60(b): The motion does not identify any newly discovered evidence, errors of law or fact, or mistakes, nor does it provide facts that would allow the court to conclude that there was excusable neglect or fraud. In other words, the plaintiff does not challenge the court's decision on the original complaint; he just wants another chance to try and state a claim.

The court notes that the proposed amended complaint is significantly shorter than the one the court dismissed, and names only a fraction of the previously named defendants. It appears that the plaintiff took time to digest the court's screening order, and tried to draft his amended complaint in line with the court's observations. The court also notes, however, that, while they are in the same ballpark, the facts and theories stated in the proposed amended complaint aren't entirely consistent with those in the original

2

complaint. Nonetheless, the plaintiff is representing himself, so this court is required to give him some leeway.

As explained below, the court finds that the plaintiff's proposed amended complaint states a claim. Therefore, in the interest of justice, the court will vacate the judgement of dismissal and re-open this case, with the plaintiff's proposed amended complaint serving as the operative complaint. The court will screen the amended complaint in accordance with 28 U.S.C. § 1915A.

Standard for Screening Complaints

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss part or all of a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and her statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal,

3

556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in Twombly. First, they must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. Id. Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendants: 1) deprived of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. Buchanan-Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. Erickson v.

4

Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Allegations in the Plaintiff's Complaint

In July 2012, the plaintiff was incarcerated at the Racine Correctional Institution (RCI). Dkt. No. 6-1 at 3. The plaintiff states that he had an institutional job and an "impeccable institution record," with no warnings or conduct reports Id. at 3-4.

In September 2012, the plaintiff filed a "John Doe Complaint" pursuant to Wis. Stat. §968.26, based on his belief that defendant Dean Newport, a Milwaukee police officer, had committed a crime. Id. at 4. The plaintiff states that Newport found out about the complaint and "retaliated" against him by "initiat[ing] an illegal criminal investigation against the plaintiff . . . ." Id. This investigation resulted in the "confiscation of the plaintiff's legal paper and files." Id. The plaintiff alleges that the "search was illegal and 'unreasonable'" and therefore violated the Fourth Amendment. Id.

Specifically, the plaintiff alleges that Newport falsely represented himself as an Alcohol, Tobacco, and Firearms agent to defendants Jason Aldana and C/O Atkinson, both of whom work at RCI. Id. at 5. Newport allegedly told Aldana and Atkinson that "he had started a criminal investigation against the plaintiff and [he] needed Aldana and Atkinson to go into the plaintiff's cell and seize all the plaintiff's legal and personal papers and files." Id.

5

On October 10, 2012, Aldana and Atkinson "'without a warrant' entered into the plaintiff's cell, seized all of the plaintiff's legal and personal papers, and . . . handed over the plaintiff's legal and personal papers to Newport to further his criminal investigation against the plaintiff." Id.

While the plaintiff repeatedly emphasizes that Aldana and Atkinson "seize[d] all of the plaintiff's legal and personal papers for the purpose to further Newport's criminal investigation of the plaintiff," id. at 5, 7, he also alleges that "the defendant's [sic] all agreed to seize all of the plaintiff['s] legal papers and files . . . for the sole purpose to deny the plaintiff his First and Fourteenth Rights [sic] to access the court, and to prevent the plaintiff from appealing his criminal conviction." Id. at 6.

According to the plaintiff, the defendants refused to return, destroyed, or lost "the legal papers that the plaintiff was going to file on a post-conviction [sic] in the Circuit Court of Milwaukee County . . . ." Id. He alleges that they "have not made any attempt to return the illegally said confiscated legal papers and files" and therefore "have denied the plaintiff access to the court and prevented the plaintiff from appealing" his conviction in Case No. 09-CF-1337. Id. at 7-8.

The plaintiff also names RCI as a defendant, alleging that it has an "unwritten policy and custom allowing Aldana and Atkins to seize all of the plaintiff's legal paper[s]" and "allowing defendant Newport to come into RCI to seize the plaintiff's legal papers and material 'without a warrant' for the sole purpose to further a criminal investigation by Newport." Id. at 2.

6

Analysis of the Plaintiff's Allegations

The plaintiff fails to state a claim against RCI. The Supreme Court has held that "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity . . . ." Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989). RCI is a state entity, not a "person or persons acting under color of state law," and therefore under the Supreme Court's holding in Will, the plaintiff may not seek §1983 relief against it.

Next, the plaintiff fails to state a claim against Newport, Aldana or Atkinson based on his allegations that the "illegal" search of his cell "without a warrant" violated his Fourth Amendment rights. The Supreme Court has held that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell. The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions." Hudson v. Palmer, 468 U.S. 517, 526 (1984). For this reason, the court will not allow the plaintiff to proceed on his Fourth Amendment claim.

The plaintiff also fails to state an access-to-the-courts claim against Newport, Aldana or Atkinson. While the "Supreme Court has long recognized a prisoner's fundamental right of access to the courts," it also has acknowledged that the right "is not an unlimited one; it assures only meaningful access to the

7

court." Lehn v. Holmes, 364 F.3d 862 865-66 (7th Cir. 2004) (citations omitted). The plaintiff alleges that when the defendants seized his legal materials, they "prevented the plaintiff from filing legal papers in the state court to initiate the plaintiff's appeal" in Case No. 09-CF-1337. A quick review of the Supreme Court and Court of Appeals Access website for the Wisconsin Court System, however, reveals this allegation to be untrue. The plaintiff *did* initiate an appeal of his conviction in Case No. 09-CF-1337. In fact, the Court of Appeals affirmed the circuit court's decision on November 12, 2014, in Case No. 2013-AP-2858. See http://wscca.wicourts.gov/caseDetails.do?caseNo=2013AP002858&cacheId=FE82B1276979B029139EAAE55F4DE08A&recordCount=1&offset=0 (last visited Feb. 23, 2016). Because the plaintiff was not prevented from appealing his conviction in 09-CF-1337 as he claims, the court will not allow the plaintiff to proceed against the defendants on this basis.

The court *will* allow the plaintiff to proceed on his claim that Newport retaliated against him by initiating a criminal investigation of the plaintiff after he learned that the plaintiff had filed a John Doe complaint making allegations about Newport.

> To state a First Amendment claim for retaliation, a plaintiff must allege that '(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action.'

Perez v. Fenoglio, 792 F.3d 768, 783 (7th Cir. 2015) (quoting Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009)).

8

The plaintiff has alleged that he engaged in activity protected by the First Amendment—the guarantee of freedom of speech protects the plaintiff's right to allege that he believed Newport engaged in criminal activity. He also alleges that he suffered a deprivation—Newport initiated a criminal investigation of the plaintiff. And, finally, the plaintiff has alleged that Newport was motivated by the plaintiff's First Amendment activity—Newport allegedly initiated the investigation because the plaintiff filed a John Doe petition about him. The court finds that these allegations are sufficient to allow the plaintiff to proceed on a retaliation claim against Newport.

<u>Conclusion</u>

The court **GRANTS** the plaintiff's motion to vacate (Dkt. No. 6), and **VACATES** the judgment entered on January 20, 2016 (Dkt. No. 5). The court further **ORDERS** the clerk of court to re-open this case, and to docket the plaintiff's proposed amended complaint (Dkt. No. 6-1) as the operative complaint in this matter.

The court **ALLOWS** the plaintiff to proceed on his First Amendment retaliation claim against Dean Newport. The court **DISMISSES** Jason Aldana, C/O Atkinson, and the Racine Correctional Institution as defendants.

The court **ORDERS** that the United States Marshal shall serve a copy of the amended complaint and this order upon defendant Dean Newport, pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-

9

service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

The court further **ORDERS** that defendant Dean Newport shall file a responsive pleading to the amended complaint.

The court **ORDERS** that the plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

The court further advises the plaintiff that if he does not timely file documents, the court may dismiss his case for failure to prosecute.

In addition, the parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 15th day of March, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge