# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BILLY CANNON**,

           Plaintiff,

v.                            **Case No. 16-cv-10-pp**

**DEAN NEWPORT,**

           Defendant.

**DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUBPOENA (DKT. NO. 20) AND SUPPLEMENTAL MOTION FOR SUBPOENA (DKT. NO. 21)**

On August 26, 2016, the plaintiff filed a motion for subpoena. Dkt. No. 20. The plaintiff asked the court to subpoena several individuals and the Bureau of Alcohol, Tobacco, and Firearms "for interrogatory questions and discovery demands due to the defendant swearing under oath that these potential defendants and/or witnesses have first hand [sic] information and knowledge of the alleged constitutional violation." Dkt. No. 20 at 2.

On September 1, 2016, the plaintiff filed a "supplemental" motion for "subpoena, email, and cell phone records." Dkt. No. 21 at 1. In this motion, he asks the court to subpoena several additional individuals, as well as e-mail and cell phone records. Id. at 1-2.

The plaintiff appears to misunderstand the procedure for subpoenas as set forth in Federal Rule of Civil Procedure 45. A party may seek to compel a non-party to testify at a deposition or at a trial, or to provide requested

1

documents, by serving that person or entity with a subpoena (see Fed. R. Civ. Pro. 45). A person wishing to issue a subpoena must ask for one from the clerk of court. The clerk of court will sign a blank subpoena form and deliver it to the requesting party. Fed. R. Civ. Pro. 45(a)(3).

The requesting party then must complete the form and make arrangements (and pay for) the subpoena to be served on the individuals he wants to depose and/or obtain documents from. The plaintiff must arrange the time and place of the deposition (or provide information about where documents may be sent), and must put that information in the subpoena. The plaintiff must give the person he seeks to subpoena plenty of notice of the time and date for the deposition or of the deadline to produce the documents. If the person is being deposed, he may have a lawyer present with him at the deposition. The plaintiff must make arrangements for hiring a court reporter to take down the questions and answers, and must pay that court reporter. The person who subpoenas a witness must also pay that witness a witness fee of $40 per day.

The party who seeks the subpoena is responsible for paying the associated costs—even if the court has found that the party is indigent. See Armstead v. MacMillian, 58 Fed.Appx. 210, 213 (7th Cir. 2003) (unpublished) ("District courts do not have statutory authority to waive witness fees for indigent civil litigants . . . ."); Nail v. Gutierrez, Case No. 06-cv-292 , 2007 WL 425535 at *1 (N.D. Ind. Nov. 30, 2007) (unpublished) (". . .28 U.S.C. §1915 does not authorize the expenditure of public funds for deposition costs; indeed,

2

that statute does not relieve a *pro se* prisoner proceeding *in forma pauperis* from paying any of his discovery costs.") (citations omitted). Courts do not place the financial burden of a party's discovery on non-party individuals or on the opposing party.

For these reasons, incarcerated plaintiffs rarely rely on subpoenas to collect information they need to prosecute their cases. Rather, they rely on the discovery process—serving interrogatories, requests for admission and requests for production on the attorneys for the defendant. On May 27, 2016, the court issued an order, giving the parties a deadline of August 29, 2016 to serve such discovery requests on each other. Dkt. No. 15. At any time between May 27, 2016 and August 29, 2016, then, the plaintiff could have served on defendant Newport discovery requests, asking for information about these individuals—in fact, his motions seem to indicate that he did that, and that he found out the names of these individuals through that discovery process. The plaintiff could have followed up the information he received by asking the defendants for information he seeks in his motions for subpoenas; if he did not have enough time to do that before the close of the discovery period, he could have asked the court to extend that period. Instead, he waited until days before the discovery period had closed (or, in the case of the supplemental motion, days *after* the discovery period had closed) to ask the court to issue subpoenas to these

3

individuals, and for this information. The court will not grant that request.

The court **DENIES** the plaintiff's motion for subpoena (Dkt. No. 20).

Dated in Milwaukee, Wisconsin this 6th day of September, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge