UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**BILLY CANNON**,

                Plaintiff,

v.                               **Case No. 16-cv-10-pp**

**DEAN NEWPORT**,

                Defendant.

---

**DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S REPLY BRIEF (DKT. NO. 51) AND ALLOWING PLAINTIFF ADDITIONAL TIME TO SUPPLEMENT HIS RESPONSE MATERIALS AND TO FILE A REPLY BRIEF IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

---

On November 14, 2016, the defendant filed a motion for summary judgment. Dkt. No. 33. The plaintiff filed his own motion for summary judgment on that same day. Dkt. No. 39. On December 1, 2016, the plaintiff filed a "reply brief" in response to the defendant's motion, dkt. no. 41, and he filed responses to the defendant's proposed findings of fact, dkt. no. 43. The defendant filed his response materials to the plaintiff's motion on December 14, 2016. Dkt. Nos. 45-48. On December 17, 2016, the defendant filed a reply brief in support of his own motion. Dkt. No. 49. The plaintiff did not file a reply brief in support of *his* motion.

On December 30, 2016, the plaintiff filed a motion asking the court to strike the defendant's reply brief. Dkt. No. 51. He argues that the procedural rules do not allow parties to file reply briefs in support of their motions, and

1

that even if they did, the defendant's reply brief was untimely. The plaintiff also argues that the defendant raised new arguments in his reply brief that he did not raise in his opening brief.

It appears that the plaintiff, who is representing himself, is confused about the briefing procedure. After a party moves for summary judgment, the procedural rules give the non-moving party thirty days to respond to the motion. See Fed. R. Civ. Pro. 56; Civil L.R. 56. Once the non-moving party has responded, the moving party (the party who filed the motion in the first place) gets fourteen days to file a reply brief that addresses the arguments the non-moving party raised in his response. See id. In other words, the summary judgment process is a three-part process: 1) opening motion; 2) response; and 3) reply.

Here, after the defendant filed his summary judgment motion (on November 14, 2016), the plaintiff had thirty days to file a response (by about December 14, 2016), after which the defendant would have had fourteen days from the filing of the response to file his reply (by approximately December 29 or so). The plaintiff seems to have misunderstood the rules because, on December 1, he filed a "reply" to the defendant's motion (when, under the rules, he should have filed a "response"), and he asks the court to strike the *defendant's* reply to that reply. Because the procedural rules allow the defendant to file a reply brief in support of his motion, the court will deny the plaintiff's motion to strike the reply as impermissible.

2

In the alternative, the plaintiff argues that even if the rules allowed the defendant to file a reply brief (which, as discussed above, they do), the defendant was late in filing that brief. While this may be technically true, the court also declines to strike the brief on that basis. The court received the plaintiff's response (which he called a "reply") to the defendant's motion on Thursday, December 1; it did not enter the motion onto the electronic docket (which means the defendant wouldn't have known the court had received it) until Friday, December 2. That means that the defendant had fourteen days from Saturday, December 3[1]--until Friday, December 16)--to file his reply. The docket indicates that the court received the defendant's reply brief on December 17 (one day after the deadline) (dkt. no. 49); certificate of service, however, indicates that the defendant's attorney filed the reply on December 16 and placed a copy in the mail to the plaintiff on that same day (dkt. no. 50). The defendant filed his reply brief timely. Even if the defendant had filed his reply brief one day after the deadline, however, the court would not strike the brief. Missing a deadline by one day is a minor infraction of the rules, and the local rules themselves state that "the rules are intended to be enforced primarily upon the Court's own initiative, and the filing of motions alleging noncompliance with a rule may be reserved for egregious cases." Gen. L.R. 1.

The plaintiff also argues that the defendant's reply brief raises new arguments that he did not raise in his opening brief. In support of this allegation, the plaintiff simply states, "See DKT 49," which is the defendant's

---

[1] See Fed. R. Civ. Pro. 6(a)(1)(A) and 6(d) (revised as of December 1, 2016).

reply brief. He does not explain which arguments in the reply brief the plaintiff believes are new. The court briefly reviewed the brief, and it appears that the substantive arguments the defendant makes all are in response to arguments raised by the plaintiff in his "reply" (which really is a response). This is precisely the point of a reply brief: a moving party should not simply rehash arguments raised in his opening brief, but should, as the defendant appears to do here, address the arguments raised by the non-moving party in his response brief. The court will not strike the defendant's reply brief on this basis.

Finally, the defendant's attorney concedes that he may have unintentionally failed to mail certain exhibits to the plaintiff when he mailed the plaintiff his summary judgment materials. He later mailed the exhibits to the plaintiff, and the plaintiff now has them in his possession. The defendant explains that most of these exhibits have no bearing on the substance of the summary judgment motion, and that others already were in the plaintiff's possession; thus he argues that the plaintiff was not prejudiced by the defendant's delay in mailing them. Still, the defendant's attorney states that, because his error created the issue, he does not oppose extending the time by which the plaintiff may respond to the defendant's motion.

To be fair to the *pro se* plaintiff, the court will allow the plaintiff additional time to supplement his December 1 response materials (titled a "reply"). In addition, because the plaintiff appears to have misunderstood the relevant procedural rules, the court will allow him additional time to file a reply brief in support of *his own* motion for summary judgment. If, after the

4

defendant receives the plaintiff's supplemental materials, he would like to supplement his reply brief in support of his motion, he may do so within fourteen days of receiving the supplemental materials.

The court **DENIES** the plaintiff's motion to strike the defendant's reply brief. Dkt. No. 51.

The court **ORDERS** that if the plaintiff wishes to supplement his response materials to the defendant's motion for summary judgment, he shall file his supplemental response materials by the end of the day on **January 20, 2017**. The court also **ORDERS** that if the defendant wishes to supplement *his* reply brief within **fourteen days** of receiving the plaintiff's supplemental response materials.

The court also **ALLOWS** the plaintiff to file a reply brief in support of his motion for summary judgment, he shall file his reply brief by the end of the day on **January 20, 2017**.

Dated in Milwaukee, Wisconsin this 5th day of January, 2017.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

5

Case 2:16-cv-00010-PP   Filed 01/05/17   Page 5 of 5   Document 52