UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BILLY CANNON,

                Plaintiff,

v.                                          Case No. 16-cv-10-pp

DEAN NEWPORT,

                Defendant.

---

**DECISION AND ORDER DENYING PLAINTIFF'S MOTION
TO VACATE JUDGMENT (DKT. NO. 70)**

---

On June 22, 2017, the court entered an order granting the defendant's motion for summary judgment. See Dkt. Nos. 65, 66. The plaintiff filed a motion to vacate; that motion now is fully briefed.

The plaintiff argues that in granting the defendant's motion, the court misapplied the law relating to First Amendment retaliation claims. Dkt. No. 70. He also argues that, based on certain representations made by the defendant in the course of briefing his motion for summary judgment, the court must reinstate many of the defendants the plaintiff named in his original complaint (the court had found that the plaintiff failed to state a claim against all of the defendants except Newport). Id. The court will deny the plaintiff's motion.

"Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007). Whether to

1

grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

The plaintiff has not met the standard for the court to alter or amend its judgment under Rule 59(e). The plaintiff has not provided the court with any new evidence, only new theories based on the evidence already before the court. This is an insufficient basis for a plaintiff to seek to alter or amend a judgment. LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir. 1995).

Further, the plaintiff has not established that the court made a manifest error of law. The plaintiff argues that the court should have credited his assertion that the defendant knew that the plaintiff had filed a John Doe petition, but the court has explained at length why it would have been improper for the court to do so. There is no reason for the court to repeat that explanation here. In summary, the court based its decision on the fact that the plaintiff presented no evidence in support of his assertion. See Dkt. No. 65 at 9-10.

Finally, the plaintiff asks the court to reconsider its screening order and reinstate many of the defendants the court previously had dismissed. The plaintiff argues that, if the defendant didn't know about the John Doe investigation, then the court should assume that the *District Attorney's office* was using the defendant and his investigation as a way of retaliating against the plaintiff because "they" (it's unclear who "they" is—the entire office?) knew about the John Doe investigation.

The plaintiff now wants the court to assume that the defendant was a tool being used by one or more people at the District Attorney's office to retaliate against the plaintiff. This theory ignores the fact that it was the defendant's idea (not that of someone at the District Attorney's office) to search the plaintiff's cell, and that the defendant has sworn under oath that the reason he suggested the search was to determine whether the judge's clerk had secretly passed sealed documents to the plaintiff. The plaintiff still has not presented any evidence to undermine the defendant's sworn statements. The plaintiff has failed to state a claim against anyone at the District Attorney's office on this revised theory.

The court **DENIES** the plaintiff's motion to vacate. Dkt. No. 70.

Dated in Milwaukee, Wisconsin this 15th day of August, 2017.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**